**Mher SHAHGULYAN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–70259.**
**Agency No. A75–732–116.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reynold E. Finnegan, Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, David E. Dauenheimer, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER and GOULD, Circuit Judges.

## MEMORANDUM***

Mher Shahgulyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence. *Gafoor v. INS,* 231 F.3d 645, 650 (9th Cir.2000). We grant the petition for review and remand for further proceedings.

Given that the BIA found Shahgulyan's testimony to be credible, substantial evidence does not support the BIA's conclusion that he failed to establish the incidents he described occurred on account of a protected ground. Shahgulyan testified that he volunteered to act as a personal bodyguard for an Armenian opposition presidential candidate whose principles he supported. During the campaign, Shahgulyan accompanied this candidate and voiced his support for the candidate during a speech at a public rally. Shahgulyan further testified that while he was volunteering, he was severely beaten once after inquiring into the mistreatment of one of his candidate's supporters, and again after he was detained and questioned about his candidate's finances. He also received a death threat after he spoke publicly in support of his candidate. This evidence compels the conclusion that he was persecuted on account of a political opinion. *See Navas v. INS,* 217 F.3d 646, 660 n. 19 (9th Cir.2000) ("persecution of those who work for or with political figures [may] be on account of the political opinion of their employer even if the nature of their work for the person is not in itself political"); *see also Velarde v. INS,* 140 F.3d 1305, 1313 (9th Cir.1998) (concluding former presidential bodyguard was targeted for persecution because of her "high-profile, politically charged" duties), *superseded by statute on other grounds as recognized in Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 n. 9 (9th Cir.2003).

Because the record shows that the incidents described by Shahgulyan occurred on account of his political opinion, we remand to the BIA for proceedings consistent with this disposition. *See INS. v. Ventura,* 537 U.S. 12, 15–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**

***

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.